**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**JOSEPH O'CONNOR, 02-A-2853,**

      **Plaintiff,**

    **-v-**                **05-CV-0498Sr**

**LESTER N. WRIGHT, et al.,**

      **Defendants.**

---

### DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #27.

By Notice of Motion filed April 24, 2006, defendants filed a motion to dismiss certain claims set forth in plaintiff's complaint. Dkt. #15. In accordance with the Court's Order, plaintiff responded to that motion to dismiss in a timely fashion. Dkt. ##17 & 18.

At a status conference conducted by the undersigned on January 28, 2008, after service had been effected with respect to all defendants, the Assistant Attorney General advised that the recently served defendants also intended to move to dismiss certain claims set forth in plaintiff's complaint. Dkt. #36. The Court directed those defendants to file their motion to dismiss no later than February 29, 2008 and

directed plaintiff to respond to that motion no later than March 28, 2008. Dkt. #37. Plaintiff was granted an extension of time to respond but failed to do so. Dkt. #40.

As a result, plaintiff was directed to either respond to the motion to dismiss or show cause, in writing received by the undersigned at 416 U.S. Courthouse, Buffalo, New York no later than May 8, 2009, why this matter should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).[1] Dkt. #41. Plaintiff was warned that failure to comply with this Order would result in the dismissal of this action with prejudice. Dkt. #41.

The Order to Show Cause was returned to the Court as "Undeliverable, Return to Sender, No Longer at This Address." A review of the New York State Department of Correctional Services Inmate Information reveals that plaintiff was released to parole on April 8, 2008. *See* http://nysdocslookup.docs.state.ny.us.

As set forth in Rule 5.2(d) of the Local Rules of Civil Procedure:

A party appearing pro se must furnish the Court with a current address at which papers may be served on the litigant. Papers sent to this address will be assumed to have been received by plaintiff.

In addition, the Court must have a current address at all times. Thus, a *pro se* litigant must inform the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice.

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Plaintiff was informed of this obligation by virtue of his receipt of the *Pro Se Litigation Guidelines* booklet mailed to him on May 26, 2006. Dkt. #25, p.15 ("If a plaintiff fails to notify the Clerk's Office of a change of address and, therefore, does not receive notice of an action or order in his or her case, the case may be dismissed for failure of the plaintiff to give the Court a current address.").

As plaintiff participated at the telephone conference in which the deadline for responding to defendants' motion to dismiss was set and thereafter requested an extension of that deadline, it cannot be said that plaintiff was unaware of his obligation to respond to this motion. Furthermore, although plaintiff was advised of his obligation to keep the Court informed of his current address, he has failed to do so and has not had contact with the Court in more than a year.

Therefore, it is hereby **ORDERED** that this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Clerk of the Court is directed to take the necessary steps to close this case.

**SO ORDERED.**

DATED:   Buffalo, New York
         May 20, 2009

                                        s// H. Kenneth Schroeder, Jr.
                                        H. KENNETH SCHROEDER, JR.
                                        United States Magistrate Judge